```
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF SOUTH CAROLINA
```

Antonio M. Gantt, #232346,           ) C/A No. 2:07-4154-CMC-RSC
                                     )
                    Petitioner,      )
                                     )
vs.                                  )   Report and
                                     )   Recommendation
Warden, McCormick Corr. Inst.,       )
                                     )
                    Respondent.      )

Petitioner has filed this matter pursuant to 28 U.S.C. § 2254. He alleges he is serving a life sentence with parole consideration after twenty years. According to the petition, an unsuccessful direct appeal was filed. Petitioner then filed an application for post-conviction relief on January 28, 1998 which was denied on August 9, 1999. A petition for writ of *certiorari* was filed following the denial of petitioner's application for post-conviction relief. The Supreme Court of the State of South Carolina denied the petition for writ of *certiorari* on September 28, 2001. Petitioner subsequently filed a Petition for Writ of Habeas Corpus with the South Carolina Supreme Court which was denied on October 17, 2007. This petition for writ of habeas corpus followed.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C.

§ 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable

in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

The time in which a state prisoner may seek relief from a state court conviction through a petition for writ of habeas corpus is determined by Congress: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court." 28 U.S.C.A. § 2244(d)(1). There are four time periods from which the one-year period can begin to run. The time period is calculated from the latest of:

> (1) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. §2244(d)(1).

Consequently, the earliest the one-year period would begin to run is when direct review of the state conviction is

through or when the time to seek direct review has elapsed. 28 U.S.C.A. § 2244(d)(1)(A).  If no petition for review is filed with the Supreme Court of the United States, the limitations period begins to run again when the time for filing a petition for review with the United States Supreme Court would expire - ninety (90) days.  See Harris v. Hutchinson, 209 F. 3d 325, 328 n.1 (4th Cir. 2000).

The time period can be tolled, however, for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending" 28 U.S.C.A. § 2244(d)(2).  The one-year period may also be equitably tolled in rare circumstances.  See Harris, 209 F.3d @ 330.

In the instant case, petitioner is clearing barred by the statute of limitations.  While it is true that the one-year period set out in 28 U.S.C.A. § 2244(d) is usually an affirmative defense that the State bears the burden of asserting,[1] a federal court may raise the defense *sua sponte* if "it is indisputably clear from the materials presented to the [D]istrict [C]ourt that the petition is untimely ...". See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).  In this

---

[1] See Acosta v. Artuz, 221 F.3d 117, 121-22 (2nd Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328 & n.4 (5th Cir. 1999).

case, the petitioner is seeking to file his petition for writ of habeas corpus almost twelve (12) years after his conviction and sentence became final.

### RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
Date January 15, 2008

**_The petitioner's attention is directed to the important notice on the next page._**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).